UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JACOB A. POWELL,

        Plaintiff,                           Case No. 2:07-cv-754
                                                JUDGE GREGORY L. FROST
       v.                                         Magistrate Judge Mark R. Abel

STATE OF OHIO, et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff's August 9, 2007 Motion to Dismiss Notice of Removal (Doc. # 6), Plaintiff's supplemental material (Doc. # 13), and Defendants' memorandum in opposition (Doc. # 14). Also before the Court are Plaintiff's October 2, 2007 motion to dismiss Defendant's memorandum in opposition and for default judgment (Doc. # 15) and Defendant's pending Motion for Judgment on the Pleadings (Doc. # 11). For the reasons that follow, this Court **DENIES** Plaintiff's motions (Docs. # 6, 15), **DENIES WITHOUT PREJUDICE** Defendant's motion (Doc. # 11), and **ORDERS** correction of the pleadings.

**I.  Background**

Plaintiff, Jacob A. Powell, is an Ohio resident. Proceeding pro se, he filed an action in the Ross County Court of Common Pleas on July 2, 2007. (Doc. # 3.) The caption of Plaintiff's Complaint identifies as defendants the State of Ohio, the Ross County Sheriff's Department, Sheriff Ron Nichols, and a "Dr. Harris," with no first name given. The body of that pleading

asserts that Plaintiff received inadequate medical attention constituting medical malpractice and cruel and unusual punishment while incarcerated in the county jail and seeks monetary damages. The Complaint does not state that Plaintiff is proceeding under any specific statute, but repeatedly references the United States Constitution and "statutory rights."

Defendants subsequently removed the state court action to this federal forum on August 1, 2007. (Doc. # 2.) Plaintiff then filed a Motion to Dismiss Notice of Removal (Doc. # 6), which is a motion to remand the action to state court. Plaintiff subsequently obtained leave to supplement his motion and Defendants obtained leave to file a late response. (Doc. # 12.) The motion to remand is now ripe for disposition.

## II. Discussion

A defendant may remove to federal court an action initially brought in a state court that could have been heard originally in a federal court. 28 U.S.C. § 1441(b). If the federal court finds that it lacks subject matter jurisdiction over the case, it must remand the case. 28 U.S.C. § 1447(c). Federal courts must also construe removal statutes narrowly, resolving uncertainties in favor of remand. *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994).

The United States Supreme Court has recognized that "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). The Supreme Court also recognized that when a complaint pleads no federal claims, a party can remove a state claim based on federal question jurisdiction "in *only* two circumstances–when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id*. at 8 (emphasis added).

In order to determine whether a claim arises under federal law, a court will examine the "well-pleaded" allegations of the complaint. The well-pleaded complaint rule provides that a cause of action arises under federal law only if a plaintiff's properly pleaded complaint affirmatively alleges a federal question; in other words, the complaint's statement of a cause of action must show that it is based upon federal law or the Federal Constitution.[1] *See id.* at 6; *Horowitz* v. *Marlton*, 116 F. Supp. 2d 551, 553 (D.N.J. 1999). Moreover, when both federal and state law claims are available, a plaintiff's decision to proceed exclusively under state law does not give rise to federal jurisdiction. *See Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).

Guided by the foregoing, the Court turns to the substance of Plaintiff's motion to remand. Plaintiff appears to argue that removal of this action from the state court was improper because there is no basis for federal jurisdiction. Defendants oppose a remand on the grounds that Plaintiff has failed to point to any defect either in the removal process or in this Court's jurisdiction. Defendants note that because Plaintiff's original complaint and even his alleged amended complaint rely upon his rights under the United States Constitution and assert violations of those rights, his case is a 42 U.S.C. § 1983 action.

As a threshold issue, the Court notes that Plaintiff has asked this Court to deny Defendants' motion for leave to file its memorandum in opposition, which the Court previously granted. Plaintiff's request is thus one for reconsideration. Just as the Court has allowed

---

[1] Some courts have recognized that the artful pleading doctrine provides two possible exceptions to the "well pleaded" complaint rule, thereby permitting removal where a plaintiff "artfully pleads" a state claim even though no federal question appears on the face of the complaint. *See, e.g., Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 853 (S.D. Ohio 2002). Because the briefing does not implicate either possible exception, the Court need not and does not discuss them here.

3

Plaintiff leeway in his filing–permitting him to supplement his motion to remand–the Court has extended Defendants the same courtesy upon good cause shown. Accordingly, the Court **DENIES** Plaintiff's request for reconsideration. (Doc. # 15.)

Turning to the merits of the removal, this Court agrees with Defendants that the motion to remand is without merit. Because Plaintiff's initial pleading (Doc. # 3) asserts the violation of federal rights, it presents a § 1983 action over which this Court has jurisdiction. Defendants had the right to remove such an action to a federal forum, and there is no apparent defect in the removal. Additionally, although the parties dispute whether Plaintiff properly filed an amended complaint in the state court,[2] the amended pleading that Plaintiff has proffered to this Court (Doc. # 13, Ex. A1) similarly presents a claimed violation of Plaintiff's rights under the United States Constitution. Plaintiff contends that the amended pleading deletes any material that would create federal jurisdiction, but this is simply not true. Both pleadings target alleged constitutional violations constituting a § 1983 action. There is thus no basis for a remand, and the Court accordingly **DENIES** the motion requesting such a remand. (Doc. # 6.)

Plaintiff has also moved this Court to enter default judgment against Defendants. (Doc. # 15.) The exact grounds upon which Plaintiff relies are at times unclear, because Plaintiff's handwritten document is often eligible on the docket. From what the Court can discern, however, Plaintiff asks for entry of default judgment with costs taxed to Defendants. (Doc. # 15,

---

[2] The state court docket filed as an attachment to Defendants' memorandum in opposition indicates that on August 2, 2007, Plaintiff filed a Motion to Amend Complaint and for Injunctive Relief in the state court. (Doc. # 14, Ex. A, Docket Sheet.) A certified copy of the amended complaint/motion to amend has not been forwarded to this Court, but the Court assumes that the proffered amended complaint constituting a supplement to the motion to remand is what was filed in the state court because the document has a state-court file stamp indicating an August 2, 2007 filing date. (Doc. # 13, Ex. A1.)

at 3.)  Although Defendants' time in which to respond to this motion has not yet expired, the Court can dispose of the motion now because Plaintiff's request must fail on procedural grounds.

Plaintiff's request contravenes the process set forth in Federal Rule of Civil Procedure 55. The docket fails to indicate that, prior to seeking default judgment, Plaintiff first obtained an entry of default as contemplated by Rule 55(a).  An entry of default is distinct from entry of a default judgment.  *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2692 (3d ed. 2003); S.D. Ohio Civ. R. 55.1(b).  By asking only for a default judgment, Plaintiff has failed to follow the sequential procedure set forth in the Rule.  *See Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997) ("In order to obtain a default judgment under Rule 55(b)(2), there must first be an entry of default as provided by Rule 55(a).").  *See also Webster Indus., Inc. v. Northwood Doors, Inc.*, 244 F. Supp. 2d 998, 1003 (N.D. Iowa 2003) (" 'entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)' " (quoting *Hayek v. Big Bros./Big Sisters of America*, 198 F.R.D. 518, 520 (N.D. Iowa 2001))); *Lee v. Bhd. of Maint. of Way Employees–Burlington N. Sys. Fed'n*, 139 F.R.D. 376, 380 (D. Minn. 1991) ("an entry of default is a prerequisite to a default judgment under Rule 55(b)").  The Court therefore will not enter a default judgment under Rule 55(b).  *Cf. O.J. Distrib., Inc.*, 340 F.3d . at 352 (" 'Rule 55 permits the clerk to enter a default when a party fails to defend an action as required.  The court may then enter default judgment.' " (quoting *Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002))).  Accordingly, the Court **DENIES** the motion for default judgment.  (Doc. # 15.)

Finally, this Court must address an issue apparent on the face of the docket.  Plaintiff

5

asserts that he has filed an amended complaint. Defendants have not filed an answer to the amended complaint and in fact dispute that Plaintiff has filed a valid amended complaint, labeling it "putative" and stating that the state court had never accepted an amended complaint as filed. The state court docket presented to this Court indicates that a motion to amend was filed, but the alleged amended complaint Plaintiff filed with this Court is captioned as a motion. It may be that no such motion was filed and that the amended complaint was miscaptioned. It may also be that no motion to amend was actually required to effectuate amendment of the complaint.

As noted, Defendants removed this case and filed an answer to the original complaint on August 1, 2007. They did not file notice of this removal in the state court until August 6, 2007. In between these dates, the state court accepted for filing Plaintiff's motion to amend and/or amended complaint on August 2, 2007. Two sets of circumstances therefore are possible.

First, if Plaintiff's August 2, 2007 filing is regarded as an amended complaint, it potentially predates filing of the answer and removal. Because Plaintiff is incarcerated, it is safe to assume that he placed the motion to amend and/or amended complaint in the jail mailbox some time before August 2, 2007 (the proffered certificate of service page indicates mailing at the end of July 2007). The mailbox rule teaches that Plaintiff's motion to amend and/or amended complaint would be deemed timely filed as of the date it was placed in the jail mail system. *See Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (holding that a prisoner's "complaint should be deemed timely filed as of the date it was submitted to prison authorities for forwarding to the court clerk pursuant to the mailbox rule"); *State v. Polen*, No. 677, 1998 WL 404207, at *2 (Ohio Ct. App. 7th Dist. July 15, 1998) (discussing Ohio's adoption of the rule); *State v. Owens*, 121 Ohio App. 3d 34, 36, 698 N.E.2d 1030, 1031 (Ohio Ct. App. 2d Dist. 1997)

(same).  The mailing date likely predates the filing of the answer and notice of removal in federal court, which means that Plaintiff was free to amend–and *did* amend–*without* filing a motion because Defendants had not yet filed a responsive pleading.  *See* Ohio R. Civ. P. 15(A) ("A party may amend his pleading once as a matter of course at any time before a responsive pleading is served."); *see also Williams v. Corr. Med. Serv., Inc.*, No. 06-379-SLR, 2007 WL 1455837, at *1 (D. Del. May 16, 2007) (applying mailbox rule to establish the filing date of a pro se prisoner's supplemental complaint); *Abuhouran v. Acker*, No. 04-2265, 2007 WL 603045, at *3 n.10 (E.D. Pa. Feb. 22, 2007) (applying mailbox rule to establish the filing date of a pro se prisoner's amended complaint).

Second, if Plaintiff's August 2, 2007 filing is regarded simply as a motion for leave to file an amended complaint, its filing predates the filing of Defendants' pending Motion for Judgment on the Pleadings (Doc. # 11).  *See Nuckles v. Hartley*, No. 3:04-CV-757 RM, 2007 WL 518801, at *1 (N.D. Ind. Feb. 14, 2007) (applying mailbox rule to establish the filing date of a pro se prisoner's motion for leave to file an amended complaint in § 1983 case).  The August 2, 2007 "motion" has also then fallen between the cracks of two courts, neither of which apparently ruled on the motion.  Given the amended pleadings' addition of injunctive relief and additional specificity, this Court would have long ago granted the motion to amend.

Absent a showing that the foregoing timeline is incorrect, the Court is hesitant to say that the amended pleading upon which Plaintiff seeks to proceed (and, in fact, upon which he thinks he *is* proceeding) was of no effect and is not the complaint upon which this action should proceed.  This is because the August 2, 2007 filing in the state court, whether characterized as a pleading or a motion, was valid, even in light of the removal.  *See* 14C Charles Alan Wright,

Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3737 (3d ed. 1998) (explaining that "removal is effected by the defendant taking three procedural steps: filing a notice of removal in the federal court, filing a copy of this notice in the state court, and giving prompt written notice to all adverse parties" and that "removal is not effective until all the steps required by the federal statute have been taken by the defendant").

Such a conclusion of validity is not revolutionary. Some courts have concluded that "both the state and the federal courts have jurisdiction during the period between the filing of the notice of removal in federal court and the giving of notice to the state court and to all adverse parties." *Id.* § 3737 (collecting cases). The Sixth Circuit in particular has recognized that concurrent jurisdiction can exist between state and federal courts during the removal process. The court of appeals has explained:

> [D]efendants . . . must file the notice of removal with the state court where the action originated "promptly" to effect the removal. 28 U.S.C. § 1446(d) (2000). It is the notice to the district court that an action has been removed which terminates the state court's jurisdiction over the case, so when a defendant fails to notify the state court promptly of the removal he creates concurrent jurisdiction over the case in both the state and federal court. *See* 28 U.S.C. § 1446(d); *Resolution Trust Corp. v. Nernberg,* 3 F.3d 62, 69 (3d Cir. 1993); *Berberian v. Gibney,* 514 F.2d 790, 791 (1st Cir. 1975). Thus, the requirement that a defendant file the notice of removal with the state court is more than a mere courtesy.

*Schliewe v. Toro*, 138 F. App'x 715, 719-20 (6th Cir. 2005). Thus, the Court recognizes that this action should be governed by an amended pleading that only incidentally appears on the federal docket as a supplement to the motion to remand.

### III. Conclusion

Given the foregoing analysis, including the unusual procedural nuances surrounding this removal and the pleadings, the Court issues the following orders:

(1) The Court **DENIES** Plaintiff's motions. (Docs. # 6, 15.)

(2) The Clerk shall separate the Amended Complaint (Doc. # 13, Ex. A1) from the extraneous supplemental material (Doc. # 13, Ex. A2 to B2) and file the amended pleading under its own document number on the docket.

(3) The Court **DENIES WITHOUT PREJUDICE** Defendants' pending Motion for Judgment on the Pleadings (Doc. # 11) because it targets the original complaint (Doc. # 3). Consequently, the Court also **VACATES** the November 23, 2007 non-oral hearing on the moot Rule 12(c) motion. The Court recognizes that the argument contained within Defendant's motion can apply to the amended complaint, but for purposes of clarity, Defendants should refile their Rule 12(c) motion, if they so choose, after filing an answer to the amended complaint.

(4) Defendants shall file an answer or a Rule 12(b) motion in response to the amended complaint by October 31, 2007.

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE