## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JACOB A. POWELL,

       Plaintiff,                       **Case No. 2:07-cv-754**

                                   **JUDGE GREGORY L. FROST**

    v.                               **Magistrate Judge Mark R. Abel**

STATE OF OHIO, et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Second Motion for Judgment on the Pleadings (Doc. # 20) and Plaintiff's Motion for Leave to File Supplemental Response to Defendants' Answer to Plaintiff's Complaint pursuant to Fed. Civ. P. Rule 15(a) (Doc. # 23). For the reasons that follow, this Court **GRANTS** Defendant's motion (Doc. # 20) and **DENIES** Plaintiff's motion (Doc. # 23).

## I.  Background

Previously, this Court set forth the relevant asserted facts in its October 22, 2007 Opinion and Order. (Doc. # 17.) As that filing indicated, Plaintiff, Jacob A. Powell, is an Ohio resident. Proceeding pro se, he filed an action in the Ross County Court of Common Pleas on July 2, 2007. (Doc. # 3.) The caption of Plaintiff's amended complaint (Doc. # 18), similar to the caption of his original complaint (Doc. # 3), identifies as defendants the State of Ohio, the Ross County Sheriff's Department, Sheriff Ron Nichols, and a "Dr. Harris," with no first name given. The body of that amended pleading asserts that Plaintiff received inadequate medical attention

1

constituting medical malpractice and cruel and unusual punishment while incarcerated in the

county jail and seeks monetary damages.  The amended complaint does not state that Plaintiff is

proceeding under any specific statute, but repeatedly references the United States Constitution

and "statutory rights."

 Defendants removed the state court action to this federal forum on August 1, 2007.  (Doc.

# 2.)  Plaintiff unsuccessfully sought to have the action remanded to state court and to obtain

default judgment, but successfully obtained leave to file an amended complaint.  (Doc. # 17.)

Defendants then again moved for judgment on the pleadings.  (Doc. # 21.)  The period of

briefing on that motion has closed, and the motion is now ripe for disposition.

## II.  Discussion

### A.  Standard Involved

 Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c), which provides that "[a]fter the pleadings are closed but within such time as not

to delay the trial, any party may move for judgment on the pleadings."  It is well settled that a

court must review a Rule 12(c) motion under the same standard applicable to a Rule 12(b)(6)

motion.  *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007) (post-*Bell Atlantic* case stating that

Rule 12(b)(6) standard is the same as Rule 12(c) standard).  Thus, under the United States

Supreme Court's recent articulation of the standard, this Court must construe the amended

complaint in favor of Plaintiff, accept the factual allegations contained in the amended complaint

as true, and determine whether Plaintiff's factual allegations plausibly suggest viable claims.

*See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Luckey v. Butler County*,

No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (post-*Bell Atlantic* case

stating that Rule 12(c) standard is that the complaint must " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litigation*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007)).  The claims must be plausible and not merely conceivable.  *Bell Atlantic Corp.*, 127 S. Ct. at 1974; *Tucker v. Middleburg-Legacy Place, LLC*, No. 1:07CV2015, 2007 WL 3287359, at *2 (N.D. Ohio Nov. 5, 2007).

### B.  Analysis

The Court recognizes that Plaintiff's Motion for Leave to File Supplemental Response to Defendants' Answer to Plaintiff's Complaint pursuant to Fed. Civ. P. Rule 15(a) presents a threshold issue.  (Doc. # 23.)  It is somewhat unclear as to what this document is.  Despite referencing Rule 15(a), it does not appear that Plaintiff is seeking to file a second amend complaint.  Rather, Plaintiff states that he is asking to "be allowed to have an adequate opportunity to respond to defendants['] answer."  (Doc. # 23, at 2.)  Plaintiff then proceeds to recount factual assertions in greater detail than in either his original or amended complaints and to discuss additional factual allegations not contained in either pleading.  He also includes a section titled "argument" in which he references matters outside the pleadings and then recites case law for several pages.

Because none of this constitutes a Rule 15(a) motion, the Court **DENIES** the motion.  However, in the interests of considering those permissible portions of Plaintiff's pro se filing, the Court accepts the document as a memorandum in opposition to Defendants' Rule 12(c) motion.  This does not permit consideration of those factual allegations not contained in the pleadings and does not enable the Court to consider impermissible attachments, but it does enable the Court to review Plaintiff's filing.

3

Turning to the Rule 12(c) motion, the Court again notes that Plaintiff's amended complaint fails to identify explicitly his cause of action.  Plaintiff's memorandum in opposition does reference federal law, specifically 42 U.S.C. § 1983, as well as Ohio Rev. Code § 4729.28. Because Plaintiff relies on his rights under the United States Constitution and asserts violations of those rights, this case indeed falls under § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Thus, in order to prevail on his § 1983 claim, Plaintiff must show that, while acting under color of state law, Defendants deprived him of a right secured by the Federal Constitution or laws of the United States.  *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992).

Plaintiff asserts that Defendants denied him constitutionally sufficient medical care.  The Sixth Circuit has noted that "[t]he Supreme Court decided many years ago that the government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and that 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.' "  *Tate v. Coffee County, Tenn.*, 48 F. App'x 176, 180 (6th Cir. 2002) *(*quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976) (internal citations omitted)).  The Due Process Clause of the Fourteenth Amendment in turn prohibits deliberate indifference to the medical needs of pretrial detainees.  *Preyor v. City of Ferndale*, No. 06-1995, 2007 WL 2566025, at *5 (6th Cir. Sept. 5, 2007).

In discussing the applicability of these Amendments, the Sixth Circuit has noted that "the

4

distinction is without a difference because, under either Amendment, '[t]he test to determine whether [a defendant] acted with "deliberate indifference" has an objective and subjective component.' " *Id.* (quoting *Napier v. Madison County,* 238 F.3d 739, 742 (6th Cir. 2001)). *See also Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The former requires a showing that the harm is sufficiently serious (*i.e.*, a substantial risk of harm), while the latter necessitates demonstrating that the state officials had a sufficiently culpable state of mind (*i.e.*, the official knows of and disregards an excessive risk to inmate health). *Preyor*, 2007 WL 2566025, at *5; *Brown*, 207 F.3d at 867; *Bilaal v. Defiance Publ'g Co.*, No. 3:03 CV 07189, 2004 WL 2750227, at *3 (S.D. Ohio Dec. 1, 2004). A court can infer from circumstantial evidence that the state actor had the requisite knowledge under the subjective component of the inquiry. *Preyor*, 2007 WL 2566025, at *5.

Here, Plaintiff's pleading generally fails to identify what specific defendant did what act. But construed liberally, Plaintiff's amended complaint alleges that in May 2007, while in the Ross County Jail, Plaintiff was given an excessive amount of blood pressure medicine and prescribed an anti-inflammatory drug to which he had an adverse reaction that resulted in his being transported to a hospital. Plaintiff also asserts that there was nearly a week-long delay in seeing a doctor after he complained of pain and swelling in his right knee and that the medication he received for this ailment was insufficient. He contends that Defendants eventually altered the way in which they administered his medication, combining all of his medications into one powder compound that caused him physical pain and harm. Plaintiff also asserts that county jail deputies were not qualified or certified to administer medication. He asserts that his complaints of continued pain and swelling were ignored for weeks while he continued to receive

5

the treatment described.

None of these factual allegations constitute a plausible § 1983 claim of deliberate indifference to providing sufficient medical care.  The foregoing facts arguably satisfy the objective component.  But Plaintiff's factual allegations do not present more than a conceivable claim because they do not present inferences satisfying the subjective component.

Neither the inadvertent failure to provide adequate medical care nor the negligent provision of care constitute deliberate indifference.  *Bilaal*, 2004 WL 2750227, at *3 (quoting *Estelle*, 429 U.S. at 106)).  Even gross negligence does not equal deliberate indifference as a matter of law.  *Soliday v. Miami County, Ohio*, No. C-3-91-153, 1993 WL 1377511, at *14 n.29 (S.D. Ohio Nov. 22, 1993) (citing *Walker v. Norris*, 917 F.2d 1449 (6th Cir. 1990)).  Rather, "[t]he medical provider's indifference must be so severe as to offend the 'evolving standards of decency.' " *Bilaal*, 2004 WL 2750227, at *3 (quoting *Estelle*, 429 U.S. at 106).

Necessarily accepting his allegations as true facts, the facts fail to present a scenario in which Defendants disregarded an excessive risk to Plaintiff's health.  Plaintiff needed medication, and he received medication.  Plaintiff needed transport to a hospital, and transport was provided.  Plaintiff needed ongoing care, and he received ongoing care.

Although Plaintiff may disagree with the form or amount of medication he received, there is no reasonable inference that Defendants knew of and then disregarded problems with the medication.  Plaintiff's mere disagreement with his medication is not enough to present a plausible § 1983 claim.  *See Collins v. Barrett*, 165 F.3d 26, 1998 WL 537572, at *2 (6th Cir. 1998) (unpublished table decision) ("A patient's disagreement with his physician over the proper medical treatment alleges no more than a medical malpractice claim, which is simply not

6

cognizable under § 1983.").  Additionally, although Plaintiff complains of delays in receiving medical attention, there is no factual contention that any delay resulted in an adverse consequence to Plaintiff beyond continued discomfort.  *See Napier*, 238 F.3d at 742 (" '[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must . . . establish the detrimental effect of the delay in medical treatment to succeed.' " (quoting *Hill v. Dekalb Reg'l Youth Detention Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994))).  *See also Carter v. Vandercook*, 59 F. App'x 52, 54 (6th Cir. 2003).  Moreover, Plaintiff continued to receive treatment, even if he disagrees with the effectiveness of that treatment.  This is notable because, as the Sixth Circuit has explained, "[p]rison officials who actually knew of a substantial risk to an inmate's health or safety may escape liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  *Collins*, 1998 WL 537572, at *2.

Although the medical care Plaintiff received may not have been ideal or optimal, ongoing responsive care was provided, and Plaintiff pled no facts indicating that any defendant recognized and then disregarded his medical needs so as to offend evolving standards of decency.  *See Estelle*, 429 U.S. at 106 ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.").  Plaintiff's § 1983 claim therefore cannot survive Rule 12(c) analysis.

Having reached this conclusion in regard to the federal claim, the Court need not and does not address Defendants' alternative argument that they are entitled to immunity on any state law claim or claims.  Plaintiff's pleading fails to indicate that he is asserting any state law

7

claims.  Although Plaintiff does reference in his memorandum in opposition Ohio Rev. Code §

4729.28, his actual pleading does not indicate that he is pursuing a state law claim under this

statute.  There is thus no basis to conclude that Plaintiff has actually pled a claim under this

statute as a private cause of action, which would be a dubious proposition given the nature of the

state statute involved.  There is also no indication that Plaintiff is asserting a state law

malpractice claim.

 For purposes of potential appellate review, however, the Court notes that even assuming

arguendo that Plaintiff has somehow asserted a state law claim, such a claim should not proceed.

Having dismissed Plaintiff's federal claim, the Court presumptively should not address any state

law claim.  *See Jackson v. Heh*, 215 F.3d 1326, 2000 WL 761807, at *8 (6th Cir. 2000)

(unpublished table decision) (referencing 28 U.S.C. § 1367 and stating that "[w]here, as here, a

federal court has properly dismissed a plaintiff's federal claims, there is a 'strong presumption'

in favor of dismissing any remaining state claims unless the plaintiff can establish an alternate

basis for federal jurisdiction." (citing *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d

1244, 1255 (6th Cir. 1998))).  Plaintiff has failed to suggest any justification or alternative basis

for exercising jurisdiction over a state law claim should the Court grant judgment on the

pleadings on his federal claim.

 The extant question is whether a dismissal without prejudice or a remand of any state law

claim is warranted.  The Sixth Circuit Court of Appeals has explained that " '[w]hether to

remand or dismiss is a matter normally left to the discretion of the district court.' " *Long v.

Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir. 2000) (quoting *Edmondson & Gallagher v.

Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1267 (D.C. Cir. 1995)).  Because there is no

8

apparent basis to conclude that Plaintiff has actually pled a cognizable state law claim, to the extent he can be said to have raised a state law claim or claims, such claims are dismissed without prejudice rather than remanded.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for judgment on the pleadings (Doc. # 20) and **DENIES** Plaintiff's motion to file a supplemental response to Defendants' Answer (Doc. # 23).  The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED.**

 /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE